NORTH CAROLINA             IN THE GENERAL COURT OF JUSTICE
                           SUPERIOR COURT DIVISION
GUILFORD COUNTY                    16 CVS 3885

2016 MAR 14 P 3:45

DEBRA K. INGRAM, GUILFORD CO., D.S.C.
BY_____
      Plaintiff,           )
                            )
  v.                          )       COMPLAINT
                            )
INDUSTRIES OF THE BLIND,    )
INCORPORATED,               )
                            )
      Defendant.           )


Plaintiff, complaining of defendant, alleges and says:

1. Plaintiff is a citizen and resident of Greensboro, Guilford County, North Carolina.

2. Defendant is a corporation organized and existing under the laws of the state of North Carolina, with its principal office and place of business in Greensboro, Guilford County, North Carolina.

3. Plaintiff became an employee of defendant in July, 2014.

4. At all material times hereto, defendant has had more than 15 employees in each of 20 weeks in the current or preceding calendar year, and also has had more than 500 employees within the same period.

5. Plaintiff is blind and has been blind for most of her life.

Exhibit B

6. In addition to her blindness, plaintiff suffers from a disabling orthopedic condition, which makes it impossible for her to maintain sitting and standing positions for more than an hour without interruption; and also plaintiff suffers from ulcerative colitis, which causes her to experience diarrhea and rectal bleeding, as well as urgency of bowel movements. Plaintiff has had all of these conditions for many years.

7. At all material times hereto, plaintiff has been a qualified individual with a disability, who with reasonable accommodation, could perform the essential functions of her position of employment, as provided in 42 U.S.C. § 12111(8).

8. At all times plaintiff performed her job duties in an exemplary way, carried out all directions from defendant, abided by all of defendant's policies and rules, abided by the law, and performed her job in a manner that exceeded defendant's reasonable expectations.

9. In early 2015, defendant discriminated against plaintiff on account of her disability, by requiring her to work at a location and under conditions that were extremely difficult for her, and contrary to the instructions of her orthopedist and her gastroenterologist.

10. On account of the foregoing discrimination, plaintiff filed a charge of discrimination against defendant in March, 2015, alleging discrimination on the basis of her disability. Plaintiff's charge was mediated by the Equal Employment

2

Case 1:16-cv-00340-TDS-LPA   Document 3   Filed 04/18/16   Page 2 of 8

Opportunity Commission, and plaintiff and defendant signed a mediated settlement agreement on April 20, 2015, agreeing, among other things, that defendant would move plaintiff to a position with the pin assembly unit beginning April 21, 2015, and would relocate the pin assembly work area from its current location to an area with closer proximity to a bathroom, as an accommodation to plaintiff's disability.

11. In mid-August, 2015, plaintiff submitted additional medical documentation from one of her physicians to defendant, specifying restrictions and the need for accommodation. As a result of this information, defendant reassigned plaintiff from the pin assembly work to another assembly department. This transfer sufficiently accommodated plaintiff's disabilities.

12. On August 25, 2015, members of defendant's management met with plaintiff and told her they could no longer accommodate her restrictions. Pretextually and falsely, these members of defendant's management told plaintiff that the problem was that she might hurt herself as she walked from her work area to the time clock, and then walk from the time clock to the parking for transportation home. Plaintiff assured these members of defendant's management that she was not at all likely to hurt herself in these connections, and pointed out, as was true, that there was no history whatever of her having hurt herself at the place of work, or any event which would have created a significant likelihood of her hurting herself.

3

13. Notwithstanding the information provided by plaintiff to defendant, as summarized in paragraph 12, defendant nevertheless dismissed plaintiff as its employee on August 25, 2015.

## FIRST CAUSE OF ACTION FOR DISCRIMINATION ON THE BASIS OF DISABILITY

14. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13, and incorporates the same by reference herein as if again fully set forth.

15. Defendant's dismissal of plaintiff was proximately and directly as a result of defendant's intent to discriminate against plaintiff on the basis of her disability, in violation of 42 U.S.C. § 12112(a).

16. Plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission on August 27, 2015, in a timely manner, with respect to the above-described discrimination on the basis of disability, pursuant to 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(b) and (e).

17. On February 29, 2016, plaintiff received from the Equal Employment Opportunity Commission her right to sue defendant, as provided in 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(f)(1).

4

18. Proximately, directly, and solely as a result of defendant's discrimination against her, plaintiff has sustained injury and damages, including loss of income and valuable fringe benefits from employment, pain and suffering, mental anguish, inconvenience, and injury to reputation, for which plaintiff is entitled to be compensated by defendant in accordance with 42 U.S.C. § 1981a(a)(2), (b)(3).

19. Because defendant engaged in the discriminatory practice complained of herein with malice and with reckless indifference to the federally protected rights of plaintiff, she is also entitled to recover punitive damages of defendant in accordance with 42 U.S.C. § 1981a(b)(1).

20. Plaintiff has no plain and adequate remedy at law, and is entitled to equitable relief from this court, consisting of an order enjoining and restraining defendant to reinstate plaintiff to her former position of employment, and thereafter not to discriminate against her on the basis of her disability, or alternatively to have her front pay, in accordance with 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(g)(1).

## SECOND CAUSE OF ACTION
## FOR RETALIATORY DISCRIMINATION

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13, and incorporates the same by reference herein as if again fully set forth.

5

22. Defendant's dismissal of plaintiff was on account defendant's intent to discriminate against plaintiff in retaliation and reprisal for her having engaged in protected activities, including opposing unlawful practices, making a charge of discrimination, and participating in an investigation or proceeding, in violation of 42 U.S.C. § 12203(a). Defendant's retaliation and reprisal against plaintiff was also in violation of its specific promise in the mediated settlement agreement of April 20, 2015, not to discriminate or retaliate against plaintiff as a result of participation in the charging process. Defendant knew of plaintiff's exercise of her protected rights, thereafter took adverse employment action against plaintiff by firing her, and there was causal connection between the protected activity and the firing.

23. Defendant's dismissal of plaintiff was proximately and directly as a result of defendant's intent to discriminate against plaintiff in retaliation and reprisal, in violation of 42 U.S.C. § 12203(a).

24. Plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission on August 27, 2015, in a timely manner, with respect to the above-described discrimination on the basis of retaliation, pursuant to 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(b) and (e).

25. On February 29, 2016, plaintiff received from the Equal Employment Opportunity Commission her right to sue defendant, as provided in 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(f)(1).

26. Proximately, directly, and solely as a result of defendant's discrimination against her, plaintiff has sustained injury and damages, including loss of income and valuable fringe benefits from employment, pain and suffering, mental anguish, inconvenience, and injury to reputation, for which plaintiff is entitled to be compensated by defendant in accordance with 42 U.S.C. § 1981a(a)(2), (b)(3).

27. Because defendant engaged in the discriminatory practice complained of herein with malice and with reckless indifference to the federally protected rights of plaintiff, she is also entitled to recover punitive damages of defendant in accordance with 42 U.S.C. § 1981a(b)(1).

28. Plaintiff has no plain and adequate remedy at law, and is entitled to equitable relief from this court, consisting of an order enjoining and restraining defendant to reinstate plaintiff to her former position of employment, and thereafter not to discriminate against plaintiff in retaliation and reprisal, or alternatively to have her front pay, in accordance with 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(g)(1).

WHEREFORE, plaintiff prays that she have and recover her damages of defendant, both compensatory and punitive, together with such interest thereon as

7

is provided by law, that the court grant plaintiff reinstatement to her position of employment, or alternatively, front pay, that the costs of this action be taxed against defendant, that plaintiff recover her reasonable attorney's fees of defendant as provided in 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(k), that all issues of fact be tried by jury, and that plaintiff have such other and further relief as to the court may seem just and proper.

/s/ Norman B. Smith
_____
Attorney for Plaintiff
Norman B. Smith
Smith, James, Rowlett & Cohen, LLP
PO Box 990
Greensboro, NC 27402-0990
Tel: (336) 274-2992
Fax: (336) 274-8490
Email: normanbsmith@earthlink.net
NCSB 4962